Curia, per

Butler, J.
In 1826, the defendant, with a view of asserting her right to the land, cleared and sowed down the turnip patch described, and thereby acquired such a possession as might well be regarded a disseisin of Norvell, and a sufficient origin of a good title in herself. This disseisin and possession could not, however, ripen into a title without ten years continuous and open use of the land. The possession contemplated by the statute of limitations, must not only be notorious and definite at one period, but it must in some form, be continuous during the statutory time. That is, it should be definitely used for some purpose for ten years.
Although possessio pedis does not require actual occupancy, it implies enclosure, and use of the ground enclosed. I will not undertake to indicate in what way it should be used; in general, it should be cultivated, or perhaps it might be sufficient that it should be used for pasture. It is sufficient to say that defendant was in possession of this land but for one year, which could not avail her in defeating the rights of any of the parties interested in it. As against the purchaser at sheriff’s sale, or the plaintiff, there was no such trespass by possession, as to entitle either of them to an action to try titles. Until the trespass had been committed for which this action was brought, the plaintiff’s title was not put in jeopardy, and he was not bound to sue, and of course, as long as he had no cause of action, defendant had no *233 foundation of title. The cutting and hauling of timber by defendant, could not effect a divesture of plaintiff’s title, according to our adjudications. According to these views, the plaintiff must have a new trial, and the motion is therefore granted.
See Infra, 447; 6 Rich. 62; 9 Rich, 27. An.
Riciiardson, O’Neall, and Evans, JJ., concurred.